# IN THE UNITED STATES DISTRICT COURT

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FOR THE ___EASTERN___ DISTRICT OF TEXAS

**NOV 1 5 2019**

___BEAUMONT, TEXAS___ DIVISION
(300 Willow St., Beaumont, TX 77701)

BY

**DEPUTY**_____

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

TDCJ-CID <u>GIB LEWIS UNIT</u> (Newton Co.Tx)
P.O. BOX 9000, Woodville, TX 75990
(Texas Prison System facility/East Texas)

JAMES ALFRED RAMEY (DOB: ██/67)

PETITIONER (Pro se)
(Full name of Petitioner)

CURRENT PLACE OF CONFINEMENT

1). TDCJ# 00587349
2). S.I.D. No. #3657690

PRISONER ID NUMBER

vs.

· HUNTSVILLE PAROLE BOARD PANEL;
· TX. BOARD OF PARDONS & PAROLES;
· TDCJ-PAROLE DIVISION, et al;
· LORIE DAVIS, Director TDCJ-CID.

RESPONDENT S
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

1:19cv580

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☐   A judgment of conviction or sentence,          (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.
☐   A parole revocation proceeding.                (Answer Questions 1-4, 13-14 & 20-25)
☐   A disciplinary proceeding.                     (Answer Questions 1-4, 15-19 & 20-25)
XXXX  Other:  Deficient Parole Proceedings         (Answer Questions 1-4, 10-11 & 20-25)
             are unconstitutional.

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.)
Failure to follow this instruction may result in a delay in processing your case.

✓ 1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 2o+ Judicial District Ct.

of Harris County (Houston), Texas.

---

                                        DATE CONVICTED:     March 5th  1991 , under-
✓ 2.   Date of judgment of conviction: CAUSE NO.           /Texas vs. James A. Ramey.

✓ 3.   Length of sentence:  30 years confinement in state prison.

✓ 4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:  N/A

---

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one)    ☐ Not Guilty    ☒ Guilty    ☐ Nolo Contendere

6.     Kind of trial: (Check one)    ☐ Jury      ☐ Judge Only

7.     Did you testify at trial?    ☐ Yes    ☐ No

8.     Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.     If you did appeal, in what appellate court did you file your direct appeal? _____

      _____    Cause Number (if known): _____

      What was the result of your direct appeal (affirmed, modified or reversed)? _____

      What was the date of that decision? _____

      If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

      Grounds raised: _____

      _____

      Result: _____

      Date of result: _____ Cause Number (if known): _____

      If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

      Result: _____

      Date of result: _____

10.     Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☐ Yes    ☒ No

11.     If your answer to 10 is "Yes," give the following information:

      Name of court: _____ N/A _____

      Nature of proceeding: _____ N/A _____

      Cause number (if known): _____ N/A _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____ N/A _____

Grounds raised: _____ N/A _____

_____ N/A _____

Date of final decision: _____ N/A _____

What was the decision? _____ N/A _____

Name of court that issued the final decision: N/A _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____ N/A _____

Nature of proceeding: _____ N/A _____

Cause number (if known): _____ N/A _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: N/A

_____

Grounds raised: _____ N/A _____

_____ N/A _____

Date of final decision: _____ N/A _____

What was the decision? _____ N/A _____

Name of court that issued the final decision: N/A _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?     ☐ Yes    ☐ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

       (c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

      If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16.    Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

      Disciplinary case number: _____

      What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

      Did you lose previously earned good-time days? ☐ Yes ☐ No

      If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

      Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

_____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

      If your answer to Question 19 is "Yes," answer the following:

      Step 1 Result: _____

Date of Result: _____

<u>Step 2</u>  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

✓ 20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:**  IN MARCH OF 2019, THE RESPONDENTS ERRED WHEN THE PETITIONER WAS DEPRIVED OF A MEANINGFUL PAROLE REVIEW BECAUSE OF A LACK OF PROCEDURAL AND SUBSTANTIVE DUE PRO-CESS GUARANTEED BY THE 5th and 14th Amendments, U.S. Constitu-tion; and, applicable U.S. Supreme Court decisions for fair reviews.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner, JAMES A. RAMEY, does not challenge the validity

of his 30 year conviction for a 1991 murder charge (Harris Co.TX);

but, because of the arbitrary and unconstitutional fashion of the

Parole Reviews/Hearings, Petitioner is being denied a meaningful

Procedural-Substantive Due Process Parole Evaluation and Hearing.

B.  **GROUND TWO:**  PETITIONER WAS DENIED A FAIR AND MEANINGFUL ADMIN-ISTRATIVE APPELLATE PROCESS WHICH DEPRIVED HIM OF HIS 1st, 5th & 14th AMENDMENT RIGHTS GUARANTEEING DUE PROCESS OF LAW, IN JUNE AND JULY OF 2019. RESPONDENTS PROVIDE NO WRITTEN DIRECTIONS OF APPEAL.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner claims that there is no appellate process to

address improper parole denials; and, no written format provided

to Texas prisoners regarding the Exhaustion of Administrative-

Remedies Doctrine anterior to petitioning the courts for redress.

T.D.C.-I.D. and the TDCJ-PAROLE DIVISION, and the TEXAS BOARD OF

PARDONS & PAROLES are equally liable due to being one entity
under the Texas Constitution (Tx. Const. Art.IV, Sec. 11 et seq).

C. **GROUND THREE:** RESPONDENTS HAVE SUBJECTED THE PETITIONER TO CRUEL AND UNUSUAL PUNISHMENTS BY DENYING HIS REQUEST FOR PAROLE RELEASE (AND HIS ADMINISTRATIVE APPEALS FOR A RESOLUTION) SO HE ~~COULD OBTAIN PROFESSIONAL, ADEQUATE MEDICAL CARE FOR SERIOUS MED-~~ ICAL NEEDS AND LONG TERM MEDICAL CARE FOR CHRONIC HEALTH ISSUES. Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioners serious medical problems was not duly considered; Petitioner has served over 27 calendar years on the 30 year term.

During that time, Petitioner's poor prison diet and unmet nutri- tional needs has resulted in a compromised cardiovascular condi- tion that escalated into a double heart attack on December 20, 2018, at the Wynne Unit. Hermann Hospital professionals inserted a stent. Many medical restrictions, including NO EXCESSIVE HEAT OR HUMIDITY EXTREMES, were prescribed. However, the TDCJ-ID has no provisions for fresh vegetables, fresh fruits, and/or clean, sanitary water supplies. The Huntsville Parole Board failed to ~~consider the Petitioner's written PAROLE PACKAGE~~ about these facts.

D. **GROUND FOUR:** RESPONDENTS ACTED WITH INTENTIONAL NEGLECT AND DELIBERATE INDIFFERENCE TO THE PETITIONER'S PLANNED ACCESS TO COURT (TO ADDRESS HIS CLAIMS) BY TRANSFERRING HIM AWAY FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS IN JULY 2019. Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When Petitioner complained that his May 2019 Parole Denial exposed him to unsafe health threats due to TDCJ-ID's inadequate diet & medical care, the Wynne Unit Medical Provider (P.A. Mrs. Christopher) initiated a distant transfer to a prison unit outside of the juris- diction of U.S. District Judge Keith P. Ellison, the federal judge ~~who is the preeminent authority on extreme heat conditions in TDCJ.~~ This act occurred on 07/02/2019, after the Petitioner grieved the ~~harassment and verbal threats of Dr. Christopher (GRIEVANCE FILED~~ ON 06/19/2019). Petitioner's unit transfer from the Wynne Unit in Huntsville, Tx. to Gib Lewis Unit (Woodville, TX) violated Texas Gov. Code 501.099 FAMILY UNITY & PARTICIPATION regarding family visits.

✓ 21. Relief sought in this petition: Petitioner seeks for the federal courts to conduct

an "in-camera evidentiary hearing (with appointed counsel to assist Petitioner)

into the unfair, arbitrary, and unconstitutional practices of the Respondents"

in their concerted efforts to prolong the confinement of seriously handicapped

prisoners. Petitioner seeks for this Court to effectuate his release on parole

so he may obtain adequate medical care and mental health services which the

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISIONS has been proven

to be unable to provide (Texas State Auditor's Office report in 2011-2012).

(Petitioner has approximately 36 months to complete the entire 30 year term). Remaining in the TDCJ-CID's inadequate medical capabilities will be fatal.

✓ 22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No  (N/A)

✓ 23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☒ Yes   ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

I exhausted all available Administrative Remedies; but, TDCJ prohibits prisoners from filing Administrative Grievances regarding parole issues (see attached STEP ONE I-127 TDCJ OFFENDER-GRIEVANCE FORM #2019134076/ returned to me on 06/05/2019), so state writ parole claims are barred by TX.GOV.CODE §508.0081; and, the BOARD OF PARDONS/PAROLES failed to answer SPECIAL REVIEW.

✓ 24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____ N/A _____

N/A

✓ 25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____ N/A _____

(b)  At arraignment and plea: _____ N/A _____

(c)  At trial: _____ N/A _____

(d)  At sentencing: _____ N/A _____

(e)  On appeal: _____ N/A _____

(f)  In any post-conviction proceeding: _____ N/A _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1] **This meets the A.E.D.P.A. rules because**

this parole claim asserting deprivations of procedural and

and substantive Due Process of Law; and, denial of a fair and

effective administrative appeal process, begin in March 2019 at

the TDCJ-ID Wynne Unit Parole Office.  Failure of the Parole

Board Panel (Region One BPP Office in Huntsville, TX) to consider

my Parole Package/ Medically-required-long term health care is

violative of the Eighth Amendment's ban prohibiting Cruel &

Unusual Punishment/ Tx. Penal Code §39.04(a)(1) "VIOLATIONS OF
THE CIVIL RIGHTS OF A PERSON IN CUSTODY" , due to TDCJ-ID's inabil-
ities to provide adequate medical care and air conditioning for
critically ill prisoners. TDCJ (Texas Prison System) and the Texas
Board of Pardons & Paroles Division/ TDCJ-PAROLE DIVISION are all
consolidated pursuant to Texas Constitution Article 4, §11 et seq,
resulting in equal liabilities for all three departments.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)     the date on which the judgment became final by the conclusion of direct review or the
                expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation
                of the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

N/A
_____
Signature of Attorney (if any)

N/A
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_November 19 2019_____ (month, day, year).

Executed (signed) on _____ (date).

X _James al Ramey_____
Signature of Petitioner (required)

Petitioner's <u>current</u> address: __Mr. James Alfed Ramey TDCJ# 00587349___
POST OFFICE BOX 9000/ Gib Lewis Unit: TDCJ-CID
Woodville, Texas 75990
_____
(Newton County, Texas)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS DIVISION

JAMES ALFRED RAMEY, #587349 §
   (Petitioner Pro se), §

vs. §

                              CIVIL ACTION NO:_____

• HUNTSVILLE PAROLE BOARD PANEL; §
• TX. BOARD OF PARDONS & PAROLES; 
• TDCJ-PAROLE DIVISION, et al; and §
• LORIE DAVIS, Director TDCJ-CID §

    (Respondents, et al). §

"PETITIONER'S MEMORANDUM OF LAW WITH BRIEF IN SUPPORT"

ADDENDUM TO THE FORM:
TITLE 28 U.S.C. §2254 PETITION FOR A WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

I.

STATEMENT OF THIS CASE:

    Petitioner is challenging the unconstitutional proceedings
conducted by the Region One Huntsville Parole Board Panel of
the Texas Board of Pardons and Paroles Division. Petitioner
does not challenge the legality of his 1991 thirty year term
from Harris County, Texas; but, Petitioner attacks the lack of
procedural and substantive Due Process of Law regarding Parole
evaluations, lack of a meaningful Parole Review and Hearing,
and the inabilities to enter into a dialogue verbally, or appeal.

[1].

Petitioner asserts that the members of the Huntsville Parole Board Panel were, at a minimum, required to read and and consider material information regarding the Petitioner's deteriorating health conditions and an inability to acquire reasonably adequate health care and dietary needs in TDCJ. Said Parole Board Panel Members failed to read and review the Petitioner's written instrument (with attached Medical Reports from the Huntsville Memorial Hospital) entitled: "PETITIONER'S PAROLE INFORMATION PACKAGE FOR 2019 REVIEW." Petitioner now attaches this 3-paged document for the Court's inspection, to determine the material facts thereof. (See now: EXHIBIT ONE/ 3 PAGES), (with cover page dated 04/20/2019).

I am a 52 year old white male suffering from cardiovascular disease, spinal stenosis, and P.T.S.D./mental illness. TDCJ-ID has been declared to be unable to provide adequate health care/mental health care to Texas prisoners due to underbudgeting problems (Texas State Auditor's Office Report 2012-2011). I made parole in 2011 and because of two alleged misdemeanors, I was revoked and returned to prison. I have had four (4) parole setoffs without reason. After suffering these major double heart attacks on 12/20/2018, my health has deteriorated to the point of being a substantial risk of death. No proper dietary needs, no physical therapist, and no adequate physical/mental/cardiovascular health care poses a serious safety risk to my wellbeing that prison officials cannot address.

[2].

These circumstances violate the Eighth Amendment's prohibition against inflicting cruel and unusual punishment (8th Amendment U.S. Constitution). The Texas Board of Pardons and Paroles' continuous denials, in the face of my inadequate medical care and lack of adequate mental health care by professional Health Care Providers, constitutes the infliction of pain. The TDCJ-PAROLE DIVISION, TEXAS BOARD OF PARDONS & PAROLES, and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION (or, "TDCJ-PD,"/"TBPP,"/"TDCJ-ID") are ONE entity and equally legal—liable for what each division does to prisoners. These agencies became one consolidated State Agency ("TDCJ") in 1989 under Texas Constitution, Article IV, Section 11 et seq. The Huntsville Parole Board members are very well cognizant of the inadequate medical/mental health care the TDCJ-CID provides to seriously ill prisoners. Commissioner Garcia is an ex-Warden.

Once Petitioner received the "NR-NEXT REVIEW 05/2020 PAROLE NOTICE setoff" he filed a letter to Commissioner Tony Roy Garcia, requesting that the Huntsville Parole Board Panel act "To Reconsider The 05/24/2019 One-Year Setoff" and instead, modify the Panel's decision. This was treated incorrectly as a "SPECIAL REVIEW-Relase Denied" pursuant to Texas Administrative Code 145.17 and/or BPP BOARD POLICY 145.206 III. A., and improperly forwarded to the BPP BOARD ADMINISTRATOR in Austin, Texas. Commissioner Tony Garcia should have addressed such. Petitioner next filed a TDCJ OFFENDER GRIEVANCE FORM I-127 STEP ONE GRIEVANCE NO. 2019134076 on 06/04/2019; but, it was arbitrarily refused (see: attached STEP ONE I-127/ BOX# 8.); [Marked "EXHIBIT TWO."].

[3].

On June 27, 2019, the Texas Board of Pardons & Paroles Division (Brett Hornsby, Program Supervisor III) issued a <u>DENIAL FOR SPECIAL REVIEW</u>, when in fact no "<u>SPECIAL REVIEW REQUEST</u>" was yet submitted by the Petitioner. Petitioner submitted an official "<u>SPECIAL REVIEW-Release Denied</u>" in July 2019, but no answer was forthcoming from the T.B.P.P. Division. Therefore, Petitioner's rights of procedural and substantive Due Process (5th and 14 Amendments U.S. Constitution) were arbitrarily violated. Petitioner's rights of "Access To The Courts To Petition For Redress of Grievances" (1st Amendment U.S. Constitution) were likewise circumvented. Petitioner's right to seek his fair appeal process to remedy the defects of the Parole Review/Parole Hearing/Reconsideration Request/ SPECIAL REVIEW REQUEST/ and the I-127 STEP ONE/ADMINISTRATIVE/ OFFENDER GRIEVANCE were also violated and intentionally prevented by the TDCJ-CID, TDCJ-PD, and TBPP divisions.

Texas Penal Code §39.04(a)(1) defines these deprivations as "VIOLATIONS OF THE CIVIL RIGHTS OF A PERSON IN CUSTODY:"

On July 02, 2019, the TDCJ-CID Wynne Unit Medical Staff (i.e., Provider Mrs. Christopher, P.A.), succeeded in getting the Petitioner transferred from the Southern District of Texas to the Eastern District of Texas, after threatening to summon the Security Guards when Petitioner sought Medical Services to provide medical attention to his chronic care needs. This transfer resulted in distancing the Petitioner from his family and friends who visited on occasion; and, deprived him from seeking

[4].

federal judicial litigation/relief in U.S. District Judge
Keith P. Ellison's court in the U.S. District Court for the
Southern District of Texas, Houston Division. That court has
pendant jurisdiction over the Respondent parties in and around
the Huntville, Texas area, the TDCJ-CID Wynne Unit, and the
Huntsville Parole Board Panel Members. Because Petitioner
is now assigned to the GIB LEWIS UNIT of TDCJ-CID in Newton
County, Woodville, Texas...jurisdiction lies with the U.S.
District Court of Eastern Texas at Beaumont. Such complicates
an already complicated legal situation with the Respondents.

## II.

## PETITIONER'S CLAIMS RESTATED

GROUND ONE:

IN MARCH OF 2019, THE RESPONDENTS ERRED WHEN THE PETITIONER
WAS DEPRIVED OF A MEANINGFUL PAROLE REVIEW BECAUSE OF A LACK
OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS GURANTEED BY THE
5th AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION;
AND APPLICABLE U.S. SUPREME COURT DECISIONS FOR FAIR REVIEWS.

Petitioner claims that his rights for a fair, meaningful
Parole Review and Hearing were traversed by the Huntsville
Region One BPP Parole Board Panel, because said voting members
failed to gain critical information regarding the Petitioner's
serious medical/mental care needs. No formal interview was
provided where Petitioner could enter into a verbal dialogue
with any voting Board Panel Member; and, the Unit Institutional
Parole Officer ("IPO") is not an active decision maker. None
of the voting Board Panel members reviewed Petitioner's PAROLE
PACKAGE outlining his critical chronic care needs. No appeal was
provided whatsoever.

[5].

A proper investigation will establish that the Region
One Parole Board Panel (physical address/location is at
1022 Veterans Memorial Parkway, Huntsville, TX 77320, and
Office Phone #(936) 291-2161) oversees the parole evaluations
of approximately fifteen (15) state and federal penitentiary
facilities. These facilities are known as the: BYRD UNIT-TDCJ;
CLEVELAND UNIT-TDCJ; DIBOLL UNIT-TDCJ; DUNCAN UNIT-TDCJ; EAST-
HAM UNIT-TDCJ; ELLIS ONE UNIT-TDCJ; ESTELLE UNIT-TDCJ; FERGU-
SON UNIT-TDCJ; GOREE UNIT-TDCJ; HOLLIDAY TRANSFER UNIT-TDCJ;
HUNTSVILLE UNIT (WALLS)- TDCJ; KEGANS STATE JAIL-TDCJ; A.B.-
POLUNSKY UNIT-TDCJ; WYNNE UNIT-TDCJ; and FEDERAL (FCI).

The three (3) person Huntsville Parole Board Panel is
incapable of rendering a fair evaluation for parole hearings
of so many prisoners. An estimated 300-600 Parole Cases are
considered each week. Only affluent prisoners, who can afford
the services of retained attorney Parole Counselors, are able
to secure personal hearings with the overburdened Parole Board
Panel Members in the Huntsville Parole Board Office. The major-
ity of the cases are arbitrarily denied and setoff for periods
of 1, 2, 3, 5, 7, and 10 year before another review takes place.

Mr. Tony Roy Garcia is a long-time political hack and he
controls the Huntsville Parole Board Office and it's members.
Recently, attorney Russell M. Webb (lawyerwebb@aol.com) of
Houston, Texas [(713) CALL WEBB] was retained by parole violator
Billy Dale Hall for $4100.00. Inmate Hall had served 27 years
of a Life term for Injury To A Child (placed an infant in a hot

[6].

oven in Cook County, Gainsville, Texas) before paroling in 2015.
Inmate Hall was returned to the TDCJ in 2017 for Family Violence
and he retained attorney R.M. Webb. Attorney Webb, a former
Parole Official in Huntsville's Region One Parole Board Office,
(and a former TDCJ Prison Guard employed at the Wynne Unit),
easily convinced Commissioner Garcia to reinstate Inmate Hall's
2015 Parole Certificate on March 08, 2019. Mr. Hall received
the most favorable parole-release category (an "FI-1") and was
freed May 2019. He was re-arrested shortly after his release
for Public Intoxication, but managed to remain free regardless.

Petitioner JAMES A. RAMEY has been setoff for parole release
four (4) times by Commissioner Garcia and his coworkers, without
any type of personal interview. 20 December 2018, Petitioner
suffered a near-fatal double heart attack at the Wynne Unit. The
extreme heat conditions attributed to most of the 109 Texas Pri-
son Units, in addition to the subpar, inadequate medical care
the TDCJ-CID is plagued with due to underbudgeting problems, is
definitely subjecting the Petitioner to inhumane conditions and
probable future health declines. Moreover, Petitioner has a
medical history involving spinal stenosis, P.T.S.D., depression,
and other mental health illnesses.He is caught in a web of over-
crowded prison conditions where emergency response times are way
too lengthy, and delays in emergency treatments are prolonged.
Long term medical and psychiatric health care are inferior and
a parole release offers the only safeguard for critically ill

[7].

Texas prisoners and the infirm elderly offenders being housed in the Texas Prison System without adequate medical care.

Texas is too underfunded to provide minimal health/mental care. Statistics verify that the state of California expends twice the amount of monetary funds for the upkeep of it's adult prisoner population; however, a federal court ruled that California Prison Authorities had to release over 40,000 prisoners in order to distribute the available prison budget funds amongst the remaining inmates. In 2011, the United States Supreme Court upheld that federal court decision, and Prison Authorities were forbidden from renting jail space to house their prisoners as an alternative to parole release.

Texas spends only half the amount of money on it's prisoner population as what California state does. In 2011, the Texas State Auditor's Office issued a report that "Texas Prisoner Health Care Is Underfunded" and, the increasing number of it's older prisoners with age-related health problems (along with the rising costs of drugs to treat chronic illnesses such as HIV, AIDS, and Hepatitis C) are causing ever higher health care costs. Mismanagement has taken away the discretionary powers of medical professionals (M.D.s, Psychiatrists, Psychologists, Physical Therapists, etc.) and given unreasonable authority to accountants instead. This illogical system and inhumane practice has led to a denial of minimal medical/mental health care by said accountants rather than the sound "practice of medicine by real doctors and specialists in the fields of medical science." It is a recipe for failure, and Commisioner Garcia condones such.

[8].

Commissioner Garcia's questionable dealings with his crony
and former coworker Russell M. Webb, in addition to the denial
of the Petitioner's medically required parole release in which
reasonable, adequate long term medical/mental health care can be
acquired at the Petitioner's own expense, is not generating
the official attention it deserves by the TDCJ-CID, TDCJ-PD,
and TX.BPP.   The Texas Attorney General's Office has in the past
distributed Inter-Office-Communications for Prison Authorities
to not respond to Offender Grievances with answers involving
incriminating information counter to the Texas Prison System.
Petitioner is therefore compelled to petition the federal court
system for redress of his grievances, because the TDCJ OFFENDER
GRIEVANCE PROCEDURES bars grieving Parole Issues.   Such hinders
the "Exhaustion of Administrative Remedies Doctrine" required
prior to a prisoner's litigation in the Texas state courts.

<u>PETITIONER'S GROUND TWO (Restated)</u>

<u>GROUND TWO</u>:

      PETITIONER WAS DENIED A FAIR AND MEANINGFUL ADMINI-
STRATIVE APPELLATE PROCESS WHICH DEPRIVED HIM OF HIS 1st, 5th,
and 14th AMENDMENT RIGHTS (U.S. CONSTITUTION) GUARANTEEING DUE
PROCESS OF LAW, IN JUNE AND JULY OF 2019.   RESPONDENTS PROVIDE
NO WRITTEN DIRECTIONS OF APPEAL.

Petitioner complains that his attached ["<u>EXHIBIT ONE</u>"]
written four (4) pages entitled:"<u>OFFENDER'S PAROLE INFORMAT-
ION PACKAGE FOR 2019 REVIEW</u>" (including 04/20/2019 cover letter)
was not considered or read by the Huntsville Parole Board Panel.
No acknowledgement was received that such was entertained.

[9].

When the Petitioner failed to get a personal interview
to discuss the severity of his health issues with Commissioner
Garcia or others concerning the Huntsville Memorial Hospital
OPERTAIVE REPORT dated 12/20/2018, he grieved it. Material facts in
the PAROLE PACKAGE/ "EXHIBIT ONE" are relevant and critical for all
the voting Parole Board members to consider. Such never occurred.

Petitioner filed a "LETTER FOR RECONSIDERATION" to
Commissioner Garcia in June 2019; but, it was wrongly treated
as a "SPECIAL REVIEW" and forwarded to the Austin, Texas Board
Administrator who oversees SPECIAL REVIEWS pursuant to Tx.Admin-
instrative Code RULE 145.17, and BPP POL. 145.206 III.A.

Next, Petitioner filed a formally written SPECIAL REVIEW
in July 2019, with no proper response being given for Denial.


Finally, Petitioner's attached "EXHIBIT TWO" is the TDCJ-
OFFENDER GRIEVANCE FORM I-127 STEP ONE, filed on 06/04/2019.
Petitioner points out the reverse side of the form I-127, where
the Unit Grievance Coordinator/Investigator states the issue
(of medically-approved parole release) was "non-grievable."
Petitioner gave written notice therein that he intended to seek
a federal review that the "Americans With Disabilities Act"
(or, "A.D.A") was being violated, as well as the 8th Amendment
of the U.S. Constitution which prohibits cruel and unusual pun-
ishments.

GROUND THREE (Restated):
RESPONDENTS HAVE SUBJECTED THE PETITIONER TO CRUEL AND UNUSUAL-

[10].

PUNISHMENTS BY DENYING HIS REQUEST FOR PAROLE RELEASE (AND HIS
ADMINISTRATIVE APPEALS FOR A RESOLUTION) SO HE COULD OBTAIN
PROFESSIONAL, ADEQUATE MEDICAL CARE FOR SERIOUS MEDICAL NEEDS
AND LONG TERM MEDICAL CARE FOR CHRONIC HEALTH ISSUES.

Petitioner incorporates the facts and informations cont-
ained the above and foregoing GROUND ONE and GROUND TWO to
explain the reasoned concept that the 2019 Parole Denial is
tantamount to inflicting Cruel and Unusual Punishments. TDCJ-CID
is unable to provide minimally adequate medical/mental health
care to the Petitioner compared to what he can acquire in the
private sectors while being on parole for the next 36 months.
Petitioner discharges his 30 year (1991) prison term in 2022,
whereby his obligation to the Texas Board of Pardons and Paroles
would be satisfied to the fullest.  It would be counterproductive
to force the Petitioner to remain imprisoned, considering the
exorbitant expenses incurred by Texas tax payers regarding mini-
mally adequate medical/mental health care.  The lack of proper
nutritional and dietary needs that a heart patient needs to re-
cover, along with lifestyle changes and opportunities to exer-
cize and obtain qualified physical therapy.  To compel a disabled
elderly prisoner to remain in the draconian environments of an
ovecrowded, understaffed prison unit is "incomprehensible," when a
better alternative (parole supervision for 36 months) exists.

GROUND FOUR: (Restated):
RESPONDENTS ACTED WITH INTENTIONAL NEGLECT AND DELIBERATE INDIF-
FERENCE TO THE PETITIONER'S PLANNED ACCESS TO COURT (TO ADDRESS
HIS CLAIMS) BY TRANSFERRING HIM AWAY FROM THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS IN JULY 2019.

Petitioner claims that he was retaliated against when he sought medical attention to have his "MEDICALLY UNASSIGNED" designation reinstated. The Wynne Unit Administration changed the Petitioner's classification status from "MEDICALLY UNASSIGNED" to "JOB ASSIGNED: KITCHEN DEPARTMENT" in violation of his active MEDICAL RESTRICTIONS that forbid "Temperature Extremes/EXPOSURE TO: #20a. MEDICAL-NO TEMPERATURE EXTREMES/ #20b. Psych-NO TEMP. EXTREMES/ #21a. & #21b.(MEDICAL & PSYCH) NO HUMIDITY EXTREMES (See: TDCJ HSM-18 HEALTH SUMMARY FOR CLASSIFICATION/RESTRICTIONS).

This unwarranted, dangerous Job Assignment (Kitchen and Laundry Departments are operated by 300°F. steam equipment, making these areas the hottest environments (except Boiler Room) on the Prison Units) occurred after the Petitioner filed his 06/04/2019 OFFENDER GRIEVANCE FORM I-127 STEP ONE ("EXHIBIT TWO") and gave notice of his intentions to seek federal court interventions if no informal resolution to a parole release was had.

P.A. Mrs. Christopher's threats to lock up the Petitioner followed. Petitioner's 07/02/2019 unit transfer to the TDCJ Gib Lewis Unit in Woodville, Texas removed Petitioner from the jurisdiction of U.S. District Judge Keith P. Ellison in the U.S. District for the Southern District of Texas. Petitioner asserts this transfer was intentionally neglectful, and it was deliberately indifferent to the Petitioner's medical needs; safety; constitutional rights to petitioner the courts for redress of grievances; and, a global violation of his civil rights.

"EXHIBIT TWO" establishes that the Petitioner's notice of pending judicial action resulted in such civil right violations.

[12].

The A.B. Polunsky Unit (air conditioned) is close to Wynne Unit?

## III.

### "PETITIONER'S ARGUMENTS & AUTHORITIES IN SUPPORT HEREOF:

Once a constitutional claim has been shown, the courts will usually consider its merits. This is especially true when the claim(s) have been made through pro se pleadings. Prisoners acting as their own counsel do not have the same burden as lawyers in drafting pleadings, and the federal courts must construe such inartful pleadings liberally [see: Boag v. McDougall,____U.S.____, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982); Price v. Johnston, 334 U.S. 266, 291-292, 68 S.Ct. 1049 (1948).

The complaint should not be dismissed by the district court unless it appears beyond all doubt that the prisoner could prove no set of facts that would warrant relief [see: Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173 (1980).

However, it has been recognized that federal courts have a responsibility to scrutinize claims relating [to] deprivations of constitutional rights, such as the right to be free from cruel and unusual punishment [Rhodes v. Chapman, 452 U.S. 337, 345. 101 S.Ct. 2392 (1981)]. Therefore, it is essential to show how a prison condition, regulation, or practice infringes on a constitutional right enjoyed by the affected prisoner or all prisoners generally. The only ground upon which a state prisoner may file an application for writ of habeas corpus in federal court is that he or she is being confined in violation of the U.S. Constitution or laws of the United States [Title 28 U.S.C. 2254(a)]. When a state prisoner seeks to challenge the very fact or duration of confinement and the relief sought is a determination that he/she is entitled to immediate or speedy release, habeas corpus is the sole federal remedy [see: Bell v Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979). Without an administrative remedy or appeal process; and, this absence of available state remedies (parole issue not grievable) and (no written instructions to appeal parole denials

[13].

are provided by the Respondents to Texas prisoners regarding parole denials), then Petitioner has reasonably demonstrated and successfully argued that no effective state remedy is available to the general populations of the Texas Prison System. Virtually all written REQUESTS FOR A SPECIAL REVIEW-WHEN RELEASE IS DENIED filed by a Texas prisoner with the Texas Board of Pardons & Paroles Division is automatically denied without a valid reason. All these denials read virtually identical in their language. Because Petitioner is not challenging the legality of his sentence from 1991, then it would be unreasonable to petition the convicting court for relief to a claim of cruel and unusual punishment when parole is denied and no adequate medical/mental health care is available to unliberated ("non-paroled") prisoners. In this case, the federal courts may consider the merits of this habeas corpus Petition [see: Preiser v. Rodriguez, 411 U.S. 475, 497, 93 S.Ct. 1827 (1973)]; Galtieri v. Wainwright, 582 F.2d 348, 354, n. 12 (5th Cir.[Fla.] 1978). The TDCJ STATE COUNSEL-FOR OFFENDERS refuse to appoint counsel to assist in parole matters.

The United States Supreme Court, in Greenholtz v. Inmates Of Nebraska Penal and Correctional Complex, 442 U.S. 1,13 (1979), (discussing what process is constitutionally due for state board parole hearings), concluded that the goal to ensuring due process is rendered in any parole review is to "minimize the risk erroneous decisions." Critical illnesses should weigh in.

Petitioner asserts that the failure of the members of the B.P.P. Huntsville Parole Board to read the Petitioner's timely submitted (04/20/2019) three-paged instrument entitled as the "OFFENDER'S PAROLE INFORMATION PACKAGE FOR 2019 REVIEW" effectively denied the Petitioner procedural and substantive due process of law under the 5th and 14th Amendments of the U.S. Constitution. Petitioner's attached medical report from the HUNTSVILLE MEMORIAL HOSPITAL (Operative Report dated: 12/20/2018) [see attached "EXHIBIT ONE"] was not fairly considered. No unit interview was conducted by any of the three voting Parole Panel members for the sake of observing Petitioner's infirmities.

[14].

Ignoring his physical/mental illnesses is an 8th Amendment violation.

Unlike the case of offender Billy Dale Hall and his retained "Parole Counselor/ Former-Prison Guard/ Former-Parole Official" Mr. Russell M. Webb, Petitioner was deprived of minimal communications (written and/or verbal either one) with the voting board memberss. Collectively, only clients with retained attorneys are capable of obtaining an in-camera interview at their parole hearings where they can be properly heard. A formal notice of parole denial (NEXT REVIEW [NR] MAY 2020) was issued on 05/24/2019, well over a month after the Petitioner's PAROLE PACKAGE/MEDICAL OPERATIVE REPORT was posted to the Huntsville Parole Board Office. It was re-submitted for "Reconsideration."

Two statutory findings that justify non-release are predictive judgments based upon discrete factual conclusions and subjective appraisals. Necessarily, then, they are highly contingent upon accurate, up-to-date information and explanation. The due process goal in any parole board review is to "minimize the risk of erroneous decisions." (See: Greenholtz, supra, 442 U.S. 1,13, (1979) ). Thus, "the quantum and quality of the process due in a particular situation depend upon the need to serve the purpose of minimizing the risk of error (Id.). The Parole Board must justify non-release of the Petitioner, not just once after his 2015-2016 revocation, but four (4) different times. As opposed to child-killer Billy Dale Hall's 2019 parole release on his second review (after his 2017 revocation) while being represented by one of Commissioner Garcia's former co-worker and collegue, attorney Russell M. Webb, for $4,100.00.

This begs the question of "What exactly motivates Commissioner Garcia to approve any give offender for an FI-1 through FI-18R Parole Approval?" The Huntsville Parole Board Office is rife with a history of official corruption. Former Commissioner in the Huntsville Board Office, Mrs. Pamela Freeman, was indicted by a Walker County Grand Jury five ti,es for falsifying parole reviews of eligible parole client-offenders. Mrs. Freeman was able to get these covered up five years later, without facing a trial(s).

[15].

The Huntsville Parole Board Panel was deliberately indifferent to Petitioner's serious medical and mental needs when they refused to consider his medical disabilities; the public records and evidence (Texas State Auditor's 2011 Report that TDCJ cannot provide adequate medical care to prisoners); and, the fact that Petitioner completely discharges his 1991 thirty—year sentence within three (3) years. Denial of a majority vote to release a critically ill prisoner so he/she may obtain a higher quality of specialized medical and mental health care from the private sectors is inhumane and intentionally neglectful. Parole release under such considerations should have been immediate, for it would enable the critically disabled Petitioner to obtain specialized medical/mental health care; and, at the same time it absolve the TDCJ-CID and Texas Board of Pardons & Paroles Division/ TDCJ-PAROLE DIVISION from liabilities connected to the Petitioner's untimely demise.

The parole release the Petitioner now asks the Courts to effectuate in order to afford him redress to his 8th Amendment claim of "cruel and unusual punishments based on unconstitutional prison conditions/ lack of adequate prison medical/mental health care" would also serve to render this extensive litigation moot. This is because a Peitioner must "be in the care, control, and custody of the state in order for the federal court to maintain jurisdiction of the case under 28 U.S.C. §2254 writs." Texas tax payers should not have to bear the burden of inadequate medical care and prisoner upkeep when parole release would be a better alternative to all parties involved.

The United States Suprmeme Court, in the case of Sandin v. Conner, 115 S.Ct. 2293 (1995), coincides with the Petitioner's legal argument for an immediate parole release. In that case, it is professed that: "[a] prisoner has a liberty interest only freedom[s] from restraint...imposing atypical and significant hardship on the inmate in relation to ordinary incidents of-

[16].

prison life." Furthermore, <u>Sandin, supra</u>, also notes that prisoners retain constitutional remedies under the First and Eighth Amendments, and the Equal Protection Clause of the Fourteenth Amendment (___U.S.___at___, n.11, 115 S.Ct. 2203, n.11). Petitioner points out that Commissioner Garcia and his coworkers in the Huntsville Parole Board Office clearly discriminated against the Petitioner when the case of Billy Dale Hall is closely compared. This implicates a violation of the Petitioner's right to Equal Protection of the Law, and the wanton disregard by the Huntsville Parole Board Panel in rendering fair and equal decisions in both cases. Unless the non-distribution of $4,100.00 paid out by Billy Dale Hall's wife, Robin Edgett, to Parole Counsel Russell Webb applied? Billy Dale Hall had no significant medical/mental health issues.

IV.

## PETITIONER'S REQUEST FOR COURT-ORDERED RELIEF & REDRESS:

Petitioner requests that this Honorable Court deems this 28 U.S.C. § 2254 State Writ of Habeas Corpus By a Person in State Custody, to be meritorious; that court-appointed counsel is rendered to Petitioner to assist him with advancing these pro-se claims; that the Court issues a SHOW CAUSE ORDER for reply of Respondent's attorneys (Texas Attorney Generals Staff); and, that the federal court decision in California's Prison reduct-ion of their inmate population (due to inadequate medical care) be held as an example model while resolving this Texas Prison medical/mental health crisis. That decision was upheld by the United States Supreme Court in 2011, and reported in the P.L.N. (Prison Legal News) article from April 2012. Petitioner seeks to have his parole release effectuated by the federal courts.

[17].

## V.

## CONCLUSION


Petitioner JAMES ALFRED RAMEY is plagued with infirmities
involving medical and mental health issues; imprisonment in
a penitentiary with proven inadequate medical car/ no long
term specialization care; and, he is thus severely disadvantaged
and unable to compete " with the vast resources of the State of
Texas and its powerful governments and legal legions of lawyers."
Petitioner concludes this MEMORANDUM OF LAW WITH BRIEF IN SUPPORT
by supplicating this Honorable Court to act in the interests
of justice being served by permitting this cause to go forward.
Submitted on this _19_ day of _November_, 2019.

/s/ _(James A. Ramey)_
(JAMES ALFRED RAMEY)

## VI.

## PRAYER

Petitioner shall continuously pray that this Honorable Court
conducts swift justice and effectuates his release on parole so
the Petitioner may be at freedom to acquire the extensive, qual-
ified medical and mental health care his case demands. Petitioner
seeks to have the Huntsville Parole Board Panel's policies and
practices evalauted for unconstitutional practices which deprives
elderly, handicapped offenders from their right parole eligibility
considerations. The lack of procedural and substantial due process
hearings; Equal Protections of the Law like affluent inmates get;
and, unjustified unit transfers designed to hinder an inmate's
access to the courts must be scrutinized and addressed. SO MOVED
AND PRAYED FOR ON THIS _19_ DAY OF _Nov._, 2019. Respectfully,

/s/ _(James A. Ramey)_ (JAMES A. RAMEY, Petitioner Pro-se).
[18].

OFFENDER: Mr. James Alfred RAMEY
TDCJ-ID # 00587349/ 810 FM 2821/ WY Unit
Huntsville, Texas 77349

"EXHIBIT ONE"
( Cover Letter )

April 20, 2019 (Scheduled Review Date)

Huntsville Parole Board Office
1022 Veteran's Memorial Parkway, Suite A
Huntsville, Texas 77320
(936) 291-291-2161

RE:  Submission of PAROLE INFORMATION PACKAGE FOR 2019 REVIEW.

Huntsville Parole Board Panel:

Dear Board Members,
        please find enclosed my three (3) paged PAROLE PACKAGE.
It contains relevant informations regarding my parole status and
will permit you to make an informed decisionmaking  vote thereof.

        I saw the Wynne Unit I.P.O. (Mrs. Baston) on 03/25/2019; but,
this package was in the hands of my family for photocopies. The
TDCJ-ID does not allow inmates to get copies made on the unit.
I was told to mail this PAROLE PACKAGE to the voting members at
the address listed above, prior to April 20, 2019.

        Please acknowledge receipt of this enclosed 3-paged Package,
and strongly consider giving me a favorable majority vote/decis-
ion that will allow me to get the quality medical/psychological
care that I need to manage my serious medical needs, and at my
own expense.  I only have about 40 months left to complete this
1991 thirty (30) year sentence.  I provided I.P.O. Mrs. Baston
with a PAROLE LETTER and information about my PAROLE RESIDENCES.
Thank you very much,
Respectfully,                    /s/ _James A. Ramey_
                                    MR. JAMES A. RAMEY
                                    (Parole Client)



THE TEXAS BOARD OF PARDONS & PAROLES DIVISION          Pg. 1/2
__THE HUNTSVILLE BOARD OFFICE__

1022 Veteran's Memorial Parkway, Suite A
Huntsville, TX 77320  (936)-291-2161
(REGION I, B.P.P.)

TDCJ-ID OFFENDER:
James Alfred RAMEY (DOB: 12/06/1967 | 51 yrs old)    Scheduled Date: April 20, 2019
TDCJ# 00587349 | S.I.D.# 03657690
John M. Wynne UNIT (TDCJ-CID)
Huntsville, TX 77349

### "OFFENDER'S PAROLE INFORMATION PACKAGE FOR 2019 REVIEW"
(IN RE:  Confined on a 2015 PAROLE VIOLATION)

TO THE RESPECTED PAROLE BOARD MEMBERS:
please accept this as my formal PAROLE PACKAGE which presents relevant facts
connected with my individual case. I seek to get your permission to have my 2013
PAROLE CERTIFICATE reinstated based upon extenuating circumstances of the parole
violation I am back in the TDCJ-ID for; and, apprise you of my recent deteriorat-
ing health conditions which require specialized freeworld Health Care Specialists
and therapist to properly manage.

I.
### BACKGROUND FACTS OF THIS CASE BEING REVIEWED:

I served over 20 years before paroling in February of 2013, on a Harris
County, Texas conviction (30 years for murder).  Unfortunately, before paroling
in 2013, I allowed myself to trust a woman that I met through a Prison Pen Pal
program in 2007.  We were married prior to my release on parole (in 2011); and,
she never revealed she had been married the entire time we were courting. She
divorced her then-husband and married me almost immediately.

When I was released to her residence in Nacogdoches, Texas, I went to work
for $17.00 per hour at AMERICAN TIMBER & STEEL (Nacogdoches, Texas-based company).
Because of her dominating nature, she prohibited me from associating with
my children/grandchildren, and immediate family members.  Later, she lured me
into a "reconciliating dinner with wine," and during the course of this private
occasion in our home, she covertly called the police and accused me of abusing
her verbally and physically.  When she thereafter started an argument, I left
in my vehicle.  But the police were already at my driveway entrance, and arrested
me for D.W.I. when I exited my private driveway to the public road. It was entrap-
ment without no doubt on my wife's part.
The prosecutor advised me that my "wife" had a history with the law enforce-
ment agencies and getting her former husband arrested on baseless accusations. He'd
advised me "plead guilty to two misdemeanor charges, and to steer clear of your wife."
Subsequently, my parole was revoked in January 2015 and I returned to TDCJ-ID.

My poor choices in selecting a "life partner" without proper investigation
led to my Parole Revocation and my return to prison as a result of the consequences.
This is my 4th Parole Review since then.     (Continued on PAGE 2 of 2 pages)

*EXHIBIT ONE*
*(Pg. 2 of 3)*
*Copy 2 of 3)*

## II.
### CRITICAL HEALTH CARE NEEDS REQUIRED FOR MY
### DIMINISHING PHYCICAL AND MENTAL WELLBEING

Please see the attached HUNTSVILLE MEMORIAL HOSPITAL OPERATIVE REPORT dated 12/20/2018. This document substantiates that I suffered a massive double-heart attack on 3 Row of Cellblock C-2 of the Wynne Unit on 12/20/18.

An occluded left artery of my heart was completely blocked, requiring emergency treatment to clear such and insert a permanent stent to keep me alive. Related medical records reflect that I am unable to properly prespire/sweat to regulate my body functions. Additionally, I suffer from Post-traumatic-stress-disorder and Major Depression that require medications which causes sensitivity to moderate heat and humidity that exceeds 85° Farhrenheit (i.e.: heat-index-chart): Finally, I have "multilevel degenerative damages of the cervical spine" located at the C6-C7 posterior discs, identified as "severe spinal stenosis."

I am currently housed at the John M. Wynne Unit in ONE DORM #05 CUBICLE, which is deemed a "Medical Housing Area" next door to the Unit Infirmary. This is because my diminishing physical health keeps me in a weakened state; and, it reduces the time I must stand &/or walk to the Dining Room, Shower, and to my bed. It also places me near the Infirmary in case of an emergency situation, where I must be evacuated to the local hospital or UTMB John Seely Hospital.

I have numerous Medical Restrictions listed on the TDCJ HEALTH SUMMARY FOR CLASSIFICATION/ HSM-18 FORM. The most critical medical restrictions deal with my vulnerability to heat and humidity extremes that exceed 85° Fahrenheit on the HEAT-INDEX-CHARTS, because I am prone to heat-releated exhaustion or death.

## III.
### REQUESTED ACTION FOR A MAJORITY VOTE FOR AN
### FI-1 PAROLE RELEASE and/or FI-5/ FI-6 PRE-RELEASE PROGRAM
### THAT PROVIDES AN AIR CONDITIONED LIVING / WORK ENVIRONMENT

I implore the Honorable members of the Huntsville Parole Board Panel to cast a favorable MAJORITY VOTE to release me to either my relatives, who can provide for my medical and environmental/dietary needs; or, to an FI-5 or FI-6 PRE-RELEASE PAROLE PROGRAM that is air conditioned and has appropriate 24-hour medical facilities to accomodate my serious medical needs.

I am not able to survive in these current onerous conditions which the Wynne Unit offers. I cannot obtain the necessary holistic food items off the commissary to reduce my cholestorol and triglyceride levels for good heart health; and, the prison fare offered on the "Diet-For-Health" has been proven to be insufficient for a proper lifestyle regimen of the average heart patient. The water supply is contaminstaed with H-Puloris bacteria (sp.), and the Texas State Auditor's Office has determined that 'Texas Prisoners Receive Inadequate Health Care Due to Underfunding.' Only by being paroled can I obtain what I need to fully recover my health (dietician oversight; physical therapist; cardiovascular professionials; psychiatrists specializing in treating P.T.S.D./Depression, ect.). Every day that I remain in the TDCJ-ID is counterproductive. I have less that forty months to completely serve this 30 year 1991 prison term. Thank you.

Sincerely: /s/ James A. Ramey   (Mr. James Alfred RAMEY, #587349)
CC: JAR/lg
[PAGE 2 of 2]   Enclosure: 1-pg. Med. Report

Scanned by ANGSTADT, CARRIE in facility CORRECTIONAL MANAGED CARE on 12/28/2018 14:43

HUNTSVILLE MEMORIAL HOSPITAL
OPERATIVE REPORT

James 587349 Ramey
DATE: 12/20/2018
M.R #. M000133255
ACCT#: H00001293084



"EXHIBIT ONE" (pg. 3 of 3)

BRIEF HISTORY: Mr. Ramey is a 51-year-old Caucasian TDC inmate with no past history of coronary artery disease, presented to the hospital with excruciating chest pains for the last one hour. The EKG showed ST-segment elevations in the anterior leads. He is undergoing a left heart catheterization for further evaluation.

PROCEDURES.
1. Left heart catheterization
2. Coronary angiogram
3. Left ventriculogram.
4. Percutaneous transluminal coronary angioplasty and stenting of the left anterior descending artery.

DETAILS OF PROCEDURE: Informed consent was obtained from the patient. Risks and benefits explained to him  The patient was brought to the Cardiac Cath Lab. where right and left groins were prepared by standard sterile technique. Lidocaine 1% solution injected into the right groin and a 6-French sheath introduced into the right femoral artery, diagnostic 3DRC and EBU 3 75 guiding catheter used for the PCI. Moderate sedation. Under physician's supervision, Versed and fentanyl were administered to the patient. Pulse oximetry, blood pressure, and heart rate were continuously monitored by an independent trained observer. The physician spent 25 minutes of face-to-face time during patient sedation.

FINDINGS
1   Left main is a large caliber vessel and it is widely patent.
2   LAD is completely occluded at its very proximal region  There are 2 ramus branches. The ramus branch #1 has a 90% ostial stenosis  The left circumflex is nondominant and free of any significant stenosis
3.  Right coronary artery is dominant  It gives rise to PDA and multiple posterolateral branches without any significant stenosis.
4.  PCI of the LAD  An EBU 3.75 guide was used.  A run-through wire was passed into the completely occluded vessel  The passage of wire restored TIMI 1 flow  There was an area of hazy stenosis of approximately 90%.  This area was treated with a 2.5 x 12 mm balloon and later stented with a 2.75 x 22 mm drug-eluting stent with excellent angiographic results.
5.  Left ventriculogram showed an overall ejection fraction of approximately 50% with evidence of apical hypokinesis.  The left ventricular end-diastolic pressure was 15 mmHg.  There was no significant gradient on pullback from left ventricle to aorta

CONCLUSION: Successful angioplasty and stenting of a completely occluded left anterior descending artery in the setting of acute myocardial infarction.


AA/DTS/C7013      Arif  Abdullah, M.D
OPERATIVE REPORT  DATE:              TIME:

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM
06/04/2019

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

**Offender Name:** James A. Ramey     **TDCJ #** 587349

**Unit:** John M. Wynne     **Housing Assignment:** One Dorm #05

**Unit where incident occurred:** TDCJ-CID Wynne Unit/Huntsville

JUN 0 5 2019

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

**Who did you talk to (name, title)?** Per I-60 REQUEST to I.P.O. Ms.Baston   **When?** 05/24/2019

**What was their response?** No written response nor Lay-In to the Wynne Unit Parole Office to discuss it.

**What action was taken?** I was denied a meaningful Parole Interview and Parole Hearing. No Due Process.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

My family discovered on the website for the Texas Board of Pardons & Paroles that I was denied the privilege of parole subsequent to my Interview with I.P.O. Baston on 3/25/19. I sent Ms. Baston an I-60 REQUEST on 05/24/19 to inquire whether the Huntsville Parole Board Panel Members received my 3-paged PAROLE PACKAGE that I had mailed into their office (1022 Veteran's Memorial Parkway, Suite A/ Huntsville, Texas 77320) one week after the Unit Interview with I.P.O Ms. Baston. I was awaiting copies of my PAROLE PACKAGE at the time Ms. Baston interviewed me at the Wynne Unit Parole Office; so, I had my family mail a copy in my behalf to the Huntsville Parole Board Panel, just as the I.P.O. had suggested I was to do.

On 05/30/2019, I received the 05/24/2019 "NOTICE OF PAROLE PANEL DECISION" citing component REASONS 1D., 2D., and 5D.as justification for a one year setoff (NEXT REVIEW 05/2020). I wish to appeal that PAROLE DENIAL based upon the following grounds, and I request a New Parole Hearing that is meaningful and addresses my various medical conditions and the lack of adequate medical care and therapies I am receiving from the TDCJ-CID:

GROUND NO. 1: I was denied an opportunity to speak directly with a voting Parole Board member, and I was not afforded procedural Due Process. Verbal mediation to discuss the facts of my case with a Board member is essential to the parole process, because the three Board Members needed my input in order to make an "informed decision about reinstating my 2013 PAROLE CERTIFICATE." I was returned to prison on two misdemeanor charges which I could have shown were cases of lies and entrapment by my mentally-disturbed wife. My deteriorating health conditions (double heart-attacks that occurred on December 20, 2018, on Wynne Unit; Major Depression Disorder/ PTSD/sensitivity to extreme heat and extreme humidity conditions related to medications/ inability to perspire properly over 90% of my body;). An I.P.O. is not an actual parole official who votes.

GROUND NO. 2: My PAROLE PACKAGE was not acknowledged by the Parole Board Office. This denied me substantive Due Process, because I relied on the Parole Board's considerations of my health

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

JUN 0 5 2019

needs, and the need to make parole so I could obtain adequate, professional medical care. (see: Ex Parte Retzlaff, No. 74,412, slip op. at 2, (Tex.Crim.App. 2002). The Texas State Auditor's Office declared that "TEXAS HEALTH CARE FOR PRISONERS IS INADEQUATE DUE TO UNDERFUND-ING" in 2011-2015, because of mounting debts to U.T.M.B./Texas Tech Hospitals over $1 billion.

GROUND NO. 3: The Texas Board of Pardons & Paroles is consolidated with the TDCJ-ID under Art-icle 4, Section 11 et seq, Texas Constitution, Nov. 1989. My Medical Restrictions (HSM-18) has numerous instances of 19a., 19b., 20a.,20b., 22., and 23 prohibiting excessive heat, humidity, Environmental Pollutants, Chemicals/Irritants. The water on Wynne Unit is contaminated with the H-Puloris Virus (sp.), to which I am vulnerable to. These matters violate the Eighth Amendment ban against cruel & unusual punishments. I am denied access to fresh vegetables, fruits, nuts, required by heart patients. My conditions meet the definition of "A.D.A. Disabled Persons Act."

**Action Requested to resolve your Complaint.** That the Texas Board of Pardons & Paroles should allow me to be released on parole for the sake of obtaining professional medical and therapy care. I have less than 40 months left to complete this 30 year sentence day-for-day. I seek either an admin-instrative resolution (RELEASE); or else I must file a 28 U.S.C. §2254 Federal Writ Habeas Corpu

Offender Signature: X _James a. Ramey 58734_ JUN 05 2019 Date: 06/04/2019

**Grievance Response:**

EX. 2 (CONTINUED below)

↓

**Signature Authority:** _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☒ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _P. GASON/PDG_ VGI III

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

OFFICE USE ONLY

Initial Submission     UGI Initials: PD

Grievance #: 2019134076

Screening Criteria Used: # 08-999

Date Rec'd from Offender: JUN 05 2019

Date Returned to Offender: JUN 05 2019

2nd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

3rd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

(Cover Letter)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS DIVISION

United States District Clerk For
The Eastern Division of Texas

300 Willow Street
Beaumont, Texas 77701

Mr. James A. Ramey #587349
TDCJ-CID Gib Lewis Unit
P.O. Box 9000
Woodville, TX 75990

DATE POSTED: _November 19th_ 2019

1:19cv580

RE: Filing Fee Money Order ($5.00) plus Petitioner's Pro Se:

"PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON-
IN STATE CUSTODY/ 28 U.S.C. §2254/ AND ATACHMENTS"

Dear U.S. District Court Clerk:

please find enclosed my above-listed petition, along with
the _20_ paged PETITIONER'S MEMORANDUM OF LAW WITH BRIEF;
and, two supporting Exhibits marked "EXHIBIT ONE" and "EXHIBIT-
TWO" for the U.S. District Judge's consideration.

Additionally, a five-dollar ($5.00) Money Order is enclosed
for the required filing fee.

Please note that in addition to the two (2) sets of my
petition specified in the INSTRUCTIONS of the 2254 FORM, I am
enclosing a third form. Please "DATE-STAMP" the third set with
your seal of office and return it to me for my personal records.

Finally, please note the assigned CASE NUMBER (C.A. NO.__)
on the "DATE-STAMPED" third set. Thank you very much for your
professional assistance and considerations. Sincerely yours,

/s/ _James A. Ramey_
MR. JAMES ALFRED RAMEY #0058349
P.O. BOX 9000/ Gib Lewis Unit
Woodville, Texas 75990

JAR/lsg
cc: files
Enclosures: _35_ pages.