IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ALFRED RAMEY § | | |
| TDCJ No. 587349 § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:19-cv-580 | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner James Alfred Ramey, a Texas state prisoner, challenges his denial of parole through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (West 2019). Ramey challenges the failure of the Board of Pardons and Paroles (BPP) to release him on parole. The petition should be denied and dismissed with prejudice because the claims are unexhausted and meritless.

## JURISDICTION

Ramey seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter of this action. Ramey was, and remains, incarcerated within Tyler County, Texas, at the time he filed this petition, which is within the Eastern District's jurisdiction, but is within the Lufkin Division. 28 U.S.C. § 124(c)(6) (West 2019).

## PETITIONER'S ALLEGATIONS

Respondent Lorie Davis (Director) understands Ramey to raise the following grounds for relief:

1. That petitioner was deprived of a meaningful parole review because of a lack of procedurals and substantive due process guaranteed by the Fifth and Fourteenth Amendments and U.S. Supreme Court precedent;
2. That petitioner was denied a fair and meaningful administrative appellate process which deprived him of his First, Fifth and Fourteenth Amendments guaranteeing him of due process of law.
3. That petitioner was subjected to cruel and unusual punishment by denying his request for parole release; and
4. That respondent initiated a retaliatory transfer to keep him from filing the instant petition in the U.S. District Court for the Southern District of Texas, Houston Division, and have his case heard by the Honorable Keith Ellison specifically.

Fed. Pet.[1] at 6–7.

## STATEMENT OF THE CASE

The Director has lawful custody of Ramey pursuant to a judgment and sentence entered by Texas state court. Exhibit A at 2.[2] In cause number 633126, Ramey pleaded guilty to murder in the 208th District Court of Harris

---

[1] "Fed. Pet." refers to Ramey's federal habeas petition, ECF No. 1, followed by the page number assigned by the ECF system.
[2] A TDCJ-CID commitment inquiry, reflecting Ramey's holding conviction, is attached as Exhibit A.

County, Texas. *Id.* He was sentenced to thirty-years confinement for this offense. *Id.* In cause number 590808, Ramey plead guilty to burglary of a motor vehicle in the 184th District Court of Harris County, Texas. *Id.* He was sentenced to twenty-five-years confinement for this offense. *Id.*

A procedural history of any appeal or state habeas proceeding challenging his holding conviction is not relevant because he does not directly challenge his underlying conviction. Rather, Ramey challenges his parole denial. Fed. Pet. at 6–7.

On May 22, 2019, Ramey was considered for parole by the BPP. *See* Exhibit B. The BPP denied his parole, citing 1D[3] (The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release), 2D (The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety), and 5D (The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia). *Id.* The BPP set the next review to May of 2020. *Id.*

---

[3] BPP Approval / Denial Reasons can be found at https://www.tdcj.texas.gov/bpp/what_is_parole/reasons.htm (last visited Dec. 9, 2019).

Ramey placed the instant federal habeas corpus petition in the prison mail system on or about November 19, 2019.[4] Fed. Pet. at 10. This proceeding ensued.

## ADMINISTRATIVE RECORDS

A TDCJ commitment inquiry, reflecting Ramey's holding conviction, is attached as Exhibit A. The BPP notice of parole panel decision is attached as Exhibit B. Ramey's Grievance Records for Grievance No. 2019141917 are attached as Exhibit C. A Court of Criminal Appeals docket list listing Ramey's state habeas applications, writs of mandamus and direct appeals is attached as Exhibit D. A TDCJ Travel Card for Ramey is attached as Exhibit E.[5] A BPP parole revocation hearing results document is attached as Exhibit F.

## GENERAL DENIAL

The Director denies all of Ramey's assertions of fact, except those supported by the record or those specifically admitted herein.

## RULE 5 STATEMENT

The Director believes that Ramey's claims are wholly unexhausted. 28 U.S.C. § 2254(b) (West 2019).[6] Ramey's petition is not barred by the AEDPA

---

[4] The Fifth Circuit held that the prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to argue a later filing date than the date petitioner signed his state habeas application.

[5] The unit codes shown in Exhibit E are: GL is Lewis Unit, DU is Byrd Unit, HG is Hospital Galveston, WY is Wynne Unit, E2 is Estelle Unit. TDCJ-CID, *Unit Directory* https://www.tdcj.texas.gov/unit_directory/index.html (last visited Dec. 12, 2019).

[6] Ramey claims that he "exhausted all available administrative remedies; but, the TDCJ prohibits prisoners from filing administrative grievances regarding parole issues[.]" Fed. Pet. at 8 (referring to "Step One TDCJ I-127 Offender Grievance Form

statute of limitations. 28 U.S.C. § 2244(d) (West 2019). Ramey's petition is not successive. 28 U.S.C. § 2244(b) (West 2019). The Director reserves the right to raise exhaustion, procedural default, statute of limitations and successiveness, however, should Ramey contend that he raised more than the issues listed above, or should he amend his petition with additional issues, other than those stated herein.

## ANSWER WITH BRIEF IN SUPPORT

### I. Ramey's Claims Are Unexhausted and May Be Dismissed Without Prejudice.

Ramey has not exhausted his state remedies as required by 28 U.S.C. §§ 2254(b), (c) (West 2019), with regard to his parole denial. Fed. Pet. at 6–7. He has not filed any state habeas application related to this issue. Fed. Pet. at 33–34; Exhibit D. Ramey's most recent state habeas application was filed on August 2, 2010 and is unrelated to the instant petition. Exhibit D. Therefore, these claims should be dismissed without prejudice.

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for

---

#2019134076" and section 508.0081 of the government code). As argued below, Ramey had — and still has — the right to file a state habeas application.

review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the CCA is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review (PDR), Texas Rule of Appellate Procedure 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2019). The petitioner must also have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. In other words, a habeas applicant must give the state courts a fair opportunity to review his claims, that is, in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

Here, Ramey's instant claims challenging the denial of parole were not properly raised in a state writ of habeas corpus. Ramey did raise this issues in a Step One Grievance form. Fed. Pet. at 33–34. But TDCJ's grievance process has no bearing on exhaustion. The CCA will review challenges related to parole denials in 11.07 Applications. *See Ex parte Geiken*, 28 S.W.3d 553, 556-557 (Tex. Crim. App. 2000) (recognizing cognizability of challenges to Board's early release procedures); *Board of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (person alleging irregularities occurring during parole proceedings should raise those issues by

6

way of a post-conviction application for writ of habeas corpus under article 11.07 of the code of criminal procedure). He has available state-court remedies. This state writ option remains open to Ramey.

Ramey fails to show, and the record does not indicate, that his failure to exhaust these claims is due to the "absence of available State corrective process," nor to circumstances rendering this process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Accordingly, Ramey's federal habeas petition is unexhausted and should be dismissed without prejudice. This court, however, may address Ramey's claims on the merits and dismiss his claims with prejudice.[7]

## II. A Prisoner Has No Constitutional Right to Release to Parole in Texas (Claims 1 and 2).

In his petition, Ramey challenges the Board's denial of his parole; specifically, that the petitioner was deprived of a meaningful parole review because of a lack of procedurals and substantive due process guaranteed by the Fifth and Fourteenth Amendments and U.S. Supreme Court precedent and that the petitioner was denied a fair and meaningful administrative appellate process which deprived him of his First, Fifth and Fourteenth Amendments guaranteeing him of due process of law. Fed. Pet. at 6–7.

---

[7] This court may address and dismiss an unexhausted clam. *See* 28 U.S.C. § 2254(b)(2).

Texas parole statutes do not create a liberty interest in release to parole. States have no duty to establish a parole system; thus, there is no constitutional or inherent right to be released before the expiration of a valid sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest." *Id*. A statute which "provides no more than a mere hope that the benefit will be obtained… is not protected by due process." *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 11 (1979). Additionally, it is well settled that the Texas statute governing parole encourages no expectancy of release; therefore, it does not create a constitutional entitlement to release on parole. *Williams v. Briscoe*, 641 F.2d 274, 276–77 (5th Cir. 1982); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Neither do these statutes create a liberty interest in being reviewed for parole at a certain time interval. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (there is no due process or ex post facto violation due to change in frequency of parole reviews; the parole board can review a case at such intervals as it determines). Because there is no liberty interest in obtaining parole in Texas, inmates cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

The lack of a Unit Parole Interview does not violate the Due Process Clause. *Guajardo v. Bayda*, 344 F. App'x 922, 923 (5th Cir. 2009) (unpublished).[8]

Ramey has no liberty interest in or expectancy of release to parole; thus, he fails to raise a constitutional issue as a basis for federal habeas relief. Therefore, these claims should be denied.

### III. Ramey's Cruel and Unusual Punishment and Retaliatory Transfer Claims are not Cognizable under Federal Habeas Review (Claims 3 and 4).

Ramey claims that the BPP subjected him to cruel and unusual punishment in denying him parole and that the Director transferred him to a different unit to deny him access to Judge Ellison. Fed. Pet. at 7.

The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of

---

[8] Unpublished opinions issued after January 1, 1996 are persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4)).

confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

"[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Where a prisoner petition challenges the conditions of his confinement, the proper vehicle is a civil rights action. *See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820-21); *see also Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse affect upon the prisoner").

Here, petitioner's claims do not contest the fact or duration of his confinement. Instead, petitioner complains of the conditions of his confinement. Specifically, petitioner complains he has been subjected to cruel and unusual punishment and that his civil rights were violated by a retaliatory transfer. Therefore, petitioner's claims do not serve as a basis for habeas corpus

10

relief, but rather possibly can form the basis for a civil rights action. Thus, petitioner must pursue his claims by filing an appropriate civil rights action.

### IV. In the alternative, Ramey's Cruel and Unusual Punishment Claim is Meritless (Claim 3).

Ramey complains that parole officials subjected him to cruel and unusual punishment by denying his release to parole since he has serious medical conditions. This assertion is conclusory and without merit.

First, it is well established that being denied parole is not cruel and unusual punishment. "As to the claim of cruel and unusual punishment, this Court has previously stated '[a]s to the psychological distress which, . . . prisoners suffer from the arbitrary and capricious denials of paroles, we decline to equate disappointment with cruel and unusual punishment . . . .'" *Craft v. Texas Bd. of Pardons & Paroles*, 550 F.2d 1054, 1056 (5th Cir. 1977), *citing Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974). Ramey cannot show that being denied parole amounts to cruel and unusual punishment.

Second, to the extent that Ramey's claims assert a ground of cruel and unusual punishment for denial of medical care, this ground is also meritless. The Cruel and Unusual Punishment Clause allows an inmate to obtain relief after being denied medical care if he proves that there was a "deliberate indifference to [his] serious medical needs." *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir.1995) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). Deliberate indifference requires a showing that TDCJ medical staff (1) was "aware of facts from which an inference of excessive risk to the prisoner's

health or safety could be drawn," and (2) that they "actually drew an inference that such potential for harm existed." *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir. 2001). Such a showing requires evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle,* 429 U.S. at 107). A prisoner's disagreement with his medical treatment is not actionable under § 1983 absent exceptional circumstances. *See Banuelos,* 41 F.3d at 235, *accord Bias v. Woods*, 288 F. App'x 158, 162 (5th Cir. 2008) (unpublished).

Here, Ramey has received ongoing medical care for his various ailments. Ramey has been taken to Hospital Galveston nine times in 2019 alone. Exhibit E. This is in addition to his visits to the unit medical staff. Further, by filing his grievance regarding his medical treatment, Ramey caused his medical records to be reviewed again by different medical professionals and they independently determined that he was afforded proper medical care. Fed. Pet. at 7; Exhibit C at 5. Ramey cannot show that prison medical staff refused to treat him, ignored his complaints, intentionally treated him incorrectly, or displayed a wonton disregard for any serious medical needs. The Director asserts that, at best, Ramey merely desires to be seen by outside providers.

Moreover, under Rule 2(c) of the Rules Governing Section 2254 cases, a petitioner is required to plead facts in support of his claims. Ramey fails to do so here. Absent evidence in the record, a court cannot consider a habeas

petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)). A mere conclusory allegation does not raise a constitutional issue in a habeas proceeding. *Id.* at 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982)). A conclusory allegation does not state a claim for federal habeas corpus relief and is subject to summary dismissal. *See Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990). Ramey provides only his own conclusory statements regarding cruel and unusual punishment as proof that he is entitled to relief, thus this claim must be denied.

In sum, Ramey cannot show that he was subjected to cruel and unusual punishment. His claims are otherwise conclusory and/or do not allege the denial of a constitutional right. *Schlang*, 691 F.2d at 799, ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Accordingly, this claim should be denied and dismissed with prejudice.

V. **In the alternative, Ramey's Retaliatory Transfer Claim is Meritless (Claim 4).**

Ramey complains that he was subject to a retaliatory transfer in a preemptory maneuver to keep him from filing a claim in the U.S. District Court for the Southern District of Texas, Houston Division, and have his case heard by Judge Ellison specifically. Fed. Pet. at 7. This assertion is frivolous and without merit.

As a preliminary matter, Ramey has no right to have his claims heard by Judge Ellison specifically. "A defendant has no right to have his case heard before a particular judge." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). "Although parties certainly have a right to have their case heard by a neutral and impartial judge, they have no greater right to avoid appearing before a particular judge than they have to select one." *United States v. LULAC*, 793 F.2d 636, 645 (5th Cir. 1986).

In order to sustain a claim for retaliatory transfer, Ramey would have to "establish that but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995), *accord Ruiz v. Lynaugh,* 95 F.3d 45, 1996 WL 405464 at 2 (5th Cir. 1996) (unpublished). "[D]espite fact that prisoner's filing of lawsuits was a clear factor in his transfer, prisoner's claim of retaliatory transfer failed because officials would have requested the transfer notwithstanding the prisoner's litigation activities." *Ruiz,* 95 F.3d 45, citing *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir. 1991).

Here, Ramey complained of heat sensitivity, so P.A. Christopher classified him as being heat sensitive. Fed. Pet. at 22, 32; Exhibit C. This caused him to be transferred to the cool beds at the Lewis Unit. Exhibit C; Exhibit E. Even assuming, *arguendo,* that there was some sort of retaliatory motivation, Ramey's claim fails because there was a legitimate penological reason for the transfer, and he would have been transferred for that legitimate penological reason.

14

Finally, Ramey's assertion that TDCJ officials were trying to prevent him from filing his case in the Southern District of Texas, Houston Division, is patently frivolous. This is because he could have filed the instant petition in this division at any time regardless of where the TDCJ housed him. He was convicted in Harris county, so under 28 U.S.C. § 2241(d), the Southern District of Texas, Houston Division, maintains concurrent jurisdiction with whatever district he resides in. Exhibit A. It would be a legal impossibility for the TDCJ to keep him from availing himself to the Southern District's jurisdiction.

In sum, Ramey cannot show that he was subjected to a retaliatory transfer. Accordingly, this claim should be denied and dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this petition for writ of habeas corpus be dismissed without prejudice as unexhausted, or with prejudice as meritless. The Director further respectfully requests that no certificate of appealability issue.

                                    Respectfully submitted,

                                    KEN PAXTON
                                    Attorney General of Texas

                                    JEFFREY C. MATEER
                                    First Assistant Attorney General

                                    LISA TANNER
                                    Acting Deputy Attorney General
                                    for Criminal Justice

                                    EDWARD L. MARSHALL
                                    Chief, Criminal Appeals Division

                                    <u>/s/ Patrick D. Todd</u>
                                    PATRICK D. TODD*
*Lead Counsel                     Assistant Attorney General
                                    State Bar No. 24106513
                                    P. O. Box 12548,
                                    Austin, Texas 78711-2548
                                    (512) 936-1400
                                    Facsimile No. (512) 936-1280
                                    ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on the 20th day of December, 2019, addressed to: James Ramey, TDCJ No. 587349, Lewis Unit, 777 FM 3497, Woodville, TX 75990.

                                    *<u>/s/ Patrick D. Todd</u>*
                                    PATRICK D. TODD
                                    Assistant Attorney General